## J. AND L. CONNELL *v.* THE STATE.

1. THEFT—INDICTMENT for theft, preferred by the grand jury of Waller-
county, charged that the felonious taking was in Austin county, and that
the defendants, after having stolen the property, brought it into Waller
county, and were there found in possession of it. *Held,* that, as the Code
authorizes theft to be prosecuted either in the county where committed,
or in any county where the taker is found in possession of the property,
the indictment is sufficient to charge the offense in Waller county. Pasc..
Dig., Art. 2666.

2. INDICTMENT.—The requisite certainty of an indictment is that it charges
the offense in plain and intelligible language, and with such certainty that
a conviction or an acquittal can be pleaded in bar of another prosecution.

3. THEFT—OWNERSHIP.—Croppers on shares clandestinely took from the gin--
yard of their landlord cotton raised by them, but baled up and in his
possession. They were indicted for theft of the cotton as his property ;.
and he testified that the cotton was his until certain advances made by him
to them should be paid, that they had no control of it when they took it,
and that the advances had not been paid. *Held* to be evidence of an..
ownership sufficing to sustain the conviction.

APPEAL from the District Court of Waller.    Tried below
before the Hon. W. H. BURKHARDT.

The case is stated in the opinion.

*J. W. Stephenson* and *W. L. Booth*, for the appellant.

*George McCormick*, Assistant Attorney General, for the.
State.

WINKLER, J. Two questions are presented by the record which it has been deemed proper to consider : 1st, as to the sufficiency of the indictment; and, 2d, as to the sufficiency of the evidence.

The objection taken to the indictment is that it does not charge theft in Waller county. The indictment charges theft in Austin county, and a conveyance of the property into Waller county, where the parties were prosecuted.

We are of opinion that the allegation that the property was stolen in Austin county did not vitiate the indictment. Under the provisions of the Code, theft may be prosecuted either in the county where committed, or in any county where the taker may be found in possession of the property.

The indictment charges the offense in plain and intelligible language, and with such certainty as that a conviction or an acquittal could be pleaded in bar of another prosecution, which is *the certainty* required by law.

The indictment must be supported, under the 4th subdivision of Article 2388, upon the testimony. The evidence of the person from whom the property was charged to have been stolen states : " This was my cotton until all advances were paid, and defendants had no control over it," and that he had advanced to Joshua Connell between $85 and $100, which was unpaid.

The proof showed that the cotton was taken at night, from the gin-yard of the alleged possessor, on his farm in Austin county, on the place where the defendants were employed on shares ; and shows in other respects that he was lawfully entitled to the possession thereof, even against any claim the tenants may have had against it. In this respect, and in all other material matters, the evidence is sufficient to support the verdict.

We see no error committed on the trial which would warrant a reversal. The judgment of the court below is affirmed.

*Affirmed.*